UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Carmen M., | File No. 26-cv-582 (ECT/ECW) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Samuel Verner, Zimmer Law Group, Saint Paul, MN, for Petitioner Carmen M.

Friedrich A.P. Siekert, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

---

Petitioner Carmen M. is an Ecuadorian citizen who has lived in the United States since 2021. Pet. [ECF No. 1] ¶ 12. Carmen "has a pending application for Asylum, Withholding of Removal, and relief under the Convention Against Torture." *Id.* ¶ 13. Carmen "does not have a final order of removal." *Id.* On July 9, 2025, Carmen's "Form I-589, Application for Asylum, was denied by an immigration judge," and "that appeal remains pending in front of the [Board of Immigration Appeals]." *Id.*[1] On January 23,

---

[1] Neither party provided the Court with Carmen's Notice to Appear or the other paperwork we've usually received in these cases. In this case, it doesn't matter. In their

2026, Carmen was "on her way to work" when ICE arrested her as part of "Operation Metro Surge." *Id.* ¶¶ 15–16. Carmen was "brought to the Bishop Henry Whipple" building for processing. *Id.* ¶ 19.

Carmen challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 2. She claims she has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 22–28; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Carmen, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 29–45. Carmen seeks issuance of a writ of habeas corpus requiring Respondents to release her unless they provide a bond hearing under 8 U.S.C. § 1226(a); an order enjoining Respondents from transferring her out of the District of Minnesota during the pendency of her Petition; and "any other and further relief that this Court may deem just and proper." Pet. at 14–15.

Acknowledging that Carmen's petition "presents similar legal and factual issues to prior habeas petitions," Respondents argue that Carmen is subject to mandatory detention pursuant to § 1225. *See* ECF No. 5 at 7–9, 14–19. This raises an issue of statutory

---

brief response to Carmen's habeas petition, Respondents did not contest any of the facts alleged in the Petition. *See* ECF No. 5 at 1–2.

interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Carmen has shown she has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir.

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Carmen's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

2025). Carmen has lived in the United States for over four years. *See* Pet. ¶ 12. Her detention falls under § 1226(a) and not § 1225(b)(2).

The final issue is the appropriate remedy. Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025). "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023). Here, Respondents were ordered to include in their Answer "[w]hether the absence of a warrant preceding [Carmen's] arrest necessitates [Carmen's] immediate release." *See* ECF No. 3 at 2. Respondents have not produced a warrant, nor advanced any specific argument that Carmen's release is an unwarranted remedy given the apparent absence of a warrant.[3] *See*

---

[3] Respondents do not argue that Carmen is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).

ECF No. 5. Rather, Respondents argue that the failure to produce a warrant can be addressed by the immigration court. *See* ECF No. 5 at 18 ("If the lack of a warrant is important, than [sic] Petitioner can bring that issue up with the Immigration Court or the BIA."). This argument is not persuasive. As discussed above, the "issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)," *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11, and here, that condition was not met.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

---

[4] The resolution of this statutory-interpretation question in Carmen's favor makes it unnecessary to address the Petition's remaining grounds.

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Carmen M.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 28, 2026, at 4:25 p.m.     s/ Eric C. Tostrud
                                          Eric C. Tostrud
                                          United States District Court